UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In Re:

**Donald V. Young, Jr.,**

   **Debtor(s).**        No.13-07-11797-SR

## CHAPTER 13 PLAN
## AND RELATED MOTIONS (AS STATED BELOW)

**X**   Original Plan
[]   Amended Plan
[]   Motion(s) for Avoidance of Liens:
[]   Motion(s) for Valuation: _____
[]   Motion(s) for Assumption/Rejection of Executory Contracts:
[]   Request for Injunction Against Collection of or Action to Establish Domestic Support Obligations
[]   Other:_____

**YOU SHOULD READ THIS PLAN AND RELATED MOTIONS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN AND RELATED MOTIONS MUST FILE A TIMELY WRITTEN OBJECTION. CONFIRMATION OF THIS PLAN AND APPROVAL OF THE RELATED MOTIONS BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/ OR BY SETTING THE INTEREST RATE ON YOUR CLAIM. THIS PLAN MAY BE CONFIRMED WITHOUT FURTHER NOTICE OR HEARING UNLESS WRITTEN OBJECTION IS FILED BEFORE THE DEADLINE STATED ON THE SEPARATE NOTICE OF DEADLINE FOR FILING OBJECTIONS.**

Unless otherwise noted, all statutory references below are to Title 11 of the United States Code and all references to "court" are to "The United States Bankruptcy Court for the District of New Mexico."

Debtor[1] proposes this chapter 13 plan and related motions:

### I. PLAN PAYMENTS

A.   Debtor shall pay **$342.00** per month for the period of **55** months, unless all allowed claims provided for in this plan are paid in full in a shorter period of time. Debtor will make additional payments (not to exceed a term of 60 months) and/or will make a balloon payment in the last month of the plan term, as and if necessary, to provide for full payment under the terms of this plan.

B.   The debtor shall make the first plan payment to the trustee on or before **August 20, 2007** (no later than thirty (30) days after the order for relief pursuant to §1326(a)(1)).

C.   Method of Payment:

   ___ The debtor shall make plan payments by voluntary wage assignment.

   **X**   The debtor shall make plan payments by direct payment made payable to the Chapter 13 Trustee at P.O. Box 1788, Albuquerque, New Mexico 87103. Each plan payment must include the debtor's name and case number. Until such payroll deduction order is in effect, the debtor is responsible for making timely plan payments. After the Court confirms the plan, that plan payment remains in effect until such time as the Court confirms an amendment to the plan payment.

---

[1] "Debtor" refers to a single debtor or joint debtors.

Chapter 13 Plan and Related Motions (10/24/05) – Page 1

D.	The debtor shall devote to the plan all of the debtor's disposable income for payment to unsecured creditors for the applicable commitment period from the date that the first plan payment is due, as defined in §1326(a)(1) unless the plan provides for payment in full of all allowed unsecured claims over a shorter period. Disposable income is defined in §§1325(b)(2) and (b)(3) and the applicable commitment period is defined in §1325(b)(4).

E.	The term of this plan shall not exceed sixty (60) months. *See* §1325(b)(1)(B) and §1325(b)(4).

## II.  CLAIMS GENERALLY

A.	The amount listed for each claim in this plan is based upon debtor's best estimate and belief. **NOTWITHSTANDING ANY PROVISIONS OF THIS PLAN, THE TRUSTEE SHALL ONLY DISTRIBUTE PAYMENTS TO CREDITORS WHO HAVE FILED A PROOF OF CLAIM.  AN ALLOWED PROOF OF CLAIM WILL BE CONTROLLING, UNLESS THE COURT ORDERS OTHERWISE. THE TRUSTEE WILL NOT MAKE DISTRIBUTION TO A CREDITOR UNDER THE PROVISIONS OF THIS PLAN IF THE CREDITOR DOES NOT HAVE AN ALLOWED CLAIM ON FILE WITH THE COURT.** Objections to claims may be filed before or after confirmation.

B.	The trustee shall mail payments to the address provided on the proof of claim unless the claimant provides another address in writing for payments to it.  If the claim is assigned or transferred, the trustee shall continue to remit to the original claimant until an assignment or transfer of claim is filed with the Court. **If at any time during the term of the plan, the automatic stay is terminated or lifted, unless the Court orders otherwise, the trustee shall cease making any distribution to the claimant under the provisions of the plan until such time as the claimant files an amended deficiency claim.  Any allowed deficiency claim shall be treated as a general unsecured claim.**

C.	**Late filed claims.**  Any priority or non-priority unsecured claim not timely filed is deemed provided for by confirmation of this plan and is deemed disallowed without further notice.  Such claimant shall receive the sum of zero ($0.00) in full satisfaction of its claim.

## III.  ADMINISTRATIVE CLAIMS

Trustee will pay in full all allowed administrative claims and expenses pursuant to Code §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

A..	**Trustee's Fees.** Trustee shall receive a fee for each disbursement not to exceed 10%, the percentage of which is fixed by the United States Trustee pursuant to 28 USC §586.

B.	**Debtor's Attorney's Fees.** The debtor's attorney's fees shall be paid as follows: (a) counsel for the debtor anticipates total attorney's fees in an amount of at least **$2,000.00** including gross receipts tax**,** and not including the filing fee ("Pre-Application Fees"); (b) counsel for the debtor shall be permitted to apply a pre-petition retainer (the "Retainer") for fees and costs received by counsel in the amount of **$ 1,500.00** (not including the filing fee) to the Pre-Application Fees; (c) upon confirmation, to the extent such funds exist and are available for this purpose, the trustee shall distribute the difference between the Pre-Application Fees and the Retainer to counsel for the debtor pending the filing and allowance of a fee application; (d) within fifteen (15) days after confirmation of the plan, counsel for the debtor shall file a fee application for all services rendered and costs incurred up to and including confirmation; (e) any fees requested in addition to the Pre-Application Fees shall only be paid by the trustee after approval by the Court; and (f) in the event that the fees approved by the Court are less than the Pre-Application Fees paid to counsel by the debtor, trustee or otherwise, then counsel for the debtor shall refund to the trustee the difference between the Pre-Application Fees and the amount awarded.  If debtor's attorney fails to file its fee application within fifteen (15) days after entry of an order confirming this plan (or within such additional time as the Court may allow upon motion for extension filed within said time), counsel shall refund to the trustee the Pre-Application Fees and funds distributed by the trustee, and the trustee shall be entitled to an order requiring such turnover. Nothing herein shall preclude counsel from filing a fee application after the time allowed hereunder, and being paid pursuant to this paragraph upon entry of an order allowing such fees, but counsel's entitlement to payment at the time of the first distribution of funds from the trustee after confirmation of this plan shall depend on the timely filing of the initial fee application.

C.  [] If checked, other administrative claims: _____
_____

## IV.  PRIORITY CLAIMS

A.  **Domestic Support Obligations ("DSO").**

**X**     None. If none, skip to plan paragraph IV(B).

   1. Debtor shall pay all post-petition DSO claims directly to the holder of the claim and not through the chapter 13 plan payments made to the chapter 13 trustee.

   2. The name, address and telephone number, including area code, of each holder of any DSO (including current and delinquent obligations) are as follows. *See §101(14A) and §1302 (b)(6). Pursuant to §112, DO NOT DISCLOSE the name of a minor child. Identify only as "Minor child #1, Minor child #2, etc.".*

| Name, DSO claim holder | Address, city, state, zip code | Telephone number |
|---|---|---|
| | | |
| | | |
| | | |

   3. Arrearages owed to DSO claim holders under §507(a)(1)(A). **UNLESS OTHERWISE ORDERED, CONFIRMATION OF THIS PLAN SHALL OPERATE AS A STAY AND INJUNCTION AGAINST THE HOLDER OF A DSO OF ANY CIVIL ACTION OR PROCEEDING TO ESTABLISH OR COLLECT ANY DSO THAT CAME DUE BEFORE THE FILING OF THIS CASE.**

    a. Unless otherwise specified in this plan, priority claims under §507(a)(1), whether or not listed herein, will be paid in full from the chapter 13 plan payments made to the chapter 13 trustee pursuant to §1322(a)(2). These claims will be paid following payment of administrative claims and claims for mortgage arrears, pro rata with all other priority claims under §507(a). The chapter 13 trustee shall pay DSO claim holders with an allowed claim whether or not listed herein.

    **X**   None. If none, skip to paragraph IV(B); or

    [] If checked, the name, address and telephone number, including area code, of each holder of any DSO arrearage claim and estimated arrears are as follows. *See §101(14A) and §1302 (b)(6). Pursuant to §112, DO NOT DISCLOSE the name of a minor child. Identify only as "Minor child #1, Minor child #2, etc.".*

| Name, DSO claim holder | Estimated arrearage claim |
|---|---|
| | |
| | |

    b.. Pursuant to Code § 507(a)(1)(B) and §1322(a)(4), the following DSO claims are assigned to, owed to, or recoverable by a governmental unit. The debtor shall pay all post-petition DSO assigned to a governmental unit directly to the assignee of the claim and not through the chapter 13 plan payments made to the chapter 13 trustee. The chapter 13 trustee shall pay DSO claim holders with an allowed claim whether or not listed herein.

    X   None. If none, skip to paragraph IV(B); or

    [] If checked, the name, address and telephone number, including area code, of each holder of the assigned DSO arrearage claim and estimated arrears are as follows. *See §101(14A) and §1302 (b)(6). Pursuant to §112, DO NOT DISCLOSE the name of a minor child. Identify only as "Minor child #1, Minor child #2, etc.".*:

| Name, assigned DSO claim holder | Estimated arrearage claim |
|---|---|
|  |  |
|  |  |

B. **Other Priority Claims.** The priority claims will be paid in full in accordance with allowed claims, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full. The trustee shall pay any allowed priority claim even if not listed herein. If no allowed claim is filed, the trustee shall make no distribution under this paragraph.

| Name, non-DSO priority creditor | Estimated priority claim |
|---|---|
| Internal Revenue Service | $0.00 |
| New Mexico Taxation and Revenue | $0.00 |

## V. SECURED CLAIMS

**A.** The holder of a secured claim shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the discharge under §1328 and if the case is dismissed or converted without completion of the plan, the lien also shall be retained by such holder to the extent recognized by applicable non-bankruptcy law.

B. **Claims to Which §506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a)(5).

1. **X** If checked, none, or

2. [] If checked, after confirmation of the plan, pursuant the trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the trustee are subject to the availability if funds. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the equal monthly amount listed below with the appropriate interest rate.

| Creditor name, address, last four digits of account number | Collateral | Interest rate | Estimated monthly payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  |  |
|  |  |  |  |

3. [] If checked, pursuant to §1325(a)(5)(A), if the creditor accepts this plan, debtor proposes to value the following claims. The trustee shall pay to the creditor the valued amount set out herein and the portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. If the creditor does not accept this provision of the plan, then debtor shall surrender the property held as collateral by this creditor.

*MOTION FOR VALUATION OF COLLATERAL: UPON CONFIRMATION OF THE PLAN, THE VALUATION AND INTEREST RATE SHOWN BELOW OR AS MODIFIED WILL BE BINDING UNLESS A TIMELY WRITTEN OBJECTION TO SUCH VALUATION IS FILED AND SUSTAINED BY THE COURT*. Payments distributed by the trustee are subject to the availability of funds.

| Creditor name, address, last four digits of account number | Collateral | Proposed value of collateral | Interest rate | Estimated monthly payment |
|---|---|---|---|---|
| | | | | |
| | | | | |

C. **Claims to Which §506 Valuation is Applicable.** Claims listed in this paragraph consist of any claims secured by personal property not described in plan paragraph V(B) above. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the estimated monthly payment based upon the replacement value with interest at the rate stated. The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.

> *MOTION FOR VALUATION: UPON CONFIRMATION OF THE PLAN, THE VALUATION AND INTEREST RATE SHOWN BELOW OR AS MODIFIED WILL BE BINDING UNLESS A TIMELY WRITTEN OBJECTION TO CONFIRMATION IS FILED AND SUSTAINED BY THE COURT.* Payments distributed by the trustee are subject to the availability of funds.

X None; or

| Creditor name, address, last four digits of account number | Collateral | Proposed value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|
| | | | | |
| | | | | |

D. **Other Long-Term Debts Secured by Personal Property.** Claims listed in this paragraph consist of any claims secured by personal property not described in paragraph V(B) and (C) above. After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the estimated monthly payment.

E. **Claims Secured by Real Property Which Debtor Intends to Retain**.

1. [] If checked, debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearages under the contract rate as set forth in an allowed proof of claim, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| Mortgage Lien Holder | Property description | Estimated pre-petition arrearage |
|---|---|---|
| | | |
| | | |

2. [] If checked, debtor will make all post-petition mortgage payments to each mortgage creditor through the chapter 13 plan payments made to the trustee, subject to a separate order entered by the Court.

| Mortgage Lien Holder | Property description | Estimated pre-petition arrearage | Current monthly mortgage payment |
|---|---|---|---|
| | | | |
| | | | |

F. **Surrender of Collateral.** Debtor shall not oppose recovery of the following collateral by the creditor. Any deficiency claim filed by a secured lien holder whose collateral is surrendered will be treated as a non-priority unsecured claim. Any secured claim filed by the creditor whose collateral is surrendered will not receive any

Chapter 13 Plan and Related Motions (10/24/05) – Page 5

Case 07-11797-s13   Doc 7   Filed 07/27/07   Entered 07/27/07 15:46:38 Page 5 of 8

distribution under this plan unless and until a deficiency claim is filed and allowed. Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate debtor's state law contract rights.

| Creditor | Collateral to be surrendered |
|---|---|
| None | |
| | |
| | |

### V. UNSECURED CLAIMS

A. **Best interest of creditors test**. Debtor believes, and therefore asserts, that this plan satisfies the "best interests of creditors test" set out in §1325(a)(4).

[] If checked, in order to satisfy the best interest of creditors test set out in §1325(a)(4), allowed priority and general unsecured claims must receive a minimum of $_____.

[] If checked, debtor is not required to pay any dividend to allowed priority and general unsecured claims in order to satisfy the best interest of creditors test set out in §1325(a)(4).

B. **Allowed general unsecured claims** will receive a pro rata share of any amounts necessary to satisfy the "best interest of creditors" test or the sum of $_____, whichever is greater, after all other claims have been paid.

C. **Allowed specially classified unsecured claims:** Specially classified claims set out herein shall be paid in accordance with an allowed proof of claim. If no timely proof of claim is filed on behalf of a specially classified creditor, then the trustee shall make no payment to the creditor.

| Creditor | Basis for special classification | Estimated claim amount | Co-signer, if any |
|---|---|---|---|
| None | | | |
| | | | |
| | | | |

### VI. ORDER OF AND TIMING FOR DISTRIBUTIONS

A. Secured creditors set out above and executory contract/unexpired lease default amounts listed below shall be paid in equal monthly amounts over the term of the plan as set out therein. All other classes of claims shall be paid pro rata within each class as follows: first, to allowed administrative claims, including attorney's fees; second, to allowed secured claims not being paid in equal monthly amounts, such as arrearage claims and default amounts on executory contracts/unexpired leases; third, to allowed priority claims; fourth, to allowed specially classified claims, if any; and fifth, to allowed general unsecured claims as required. The trustee's statutory fee shall be collected from each payment disbursed by the trustee regardless of whether it is paid pre- or post-confirmation.

B. In the event this case is converted to another chapter under the Code or is dismissed post-confirmation, the chapter 13 trustee shall disburse all funds held in trust as of the date of the dismissal or conversion in accordance with the provisions of the plan, the order confirming the plan, and any subsequent Court-approved modifications thereto without further notice.

**VIII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.** *THE DEBTOR HEREBY MOVES THE COURT TO ASSUME THE FOLLOWING EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES.*
    [] If checked, none; or

| Creditor | Description of lease or executory contract | Estimated amount of default |
|---|---|---|
| | | 0.00 |
| | | 0.00 |
| | | |

**B.** *THE DEBTOR HEREBY MOVES THE COURT TO REJECT THE FOLLOWING EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES.*

    **[X]** If checked, none; or

| Creditor | Description of lease or executory contract |
|---|---|
| | |
| | |

C.    Post-petition payments on executory contracts and/or unexpired leases that are assumed shall be paid directly by debtor.

D.    Debtor proposes to cure any defaults on assumed executory contracts and/or unexpired leases by paying the amount of the default set out on an allowed proof of claim at the same time that payments are made to secured creditors..

**IX.    AVOIDANCE OF LIENS**

A.    If checked, *MOTION FOR AVOIDANCE OF JUDICIAL LIEN(S). PURSUANT TO §522(F)(1)(A), THE DEBTOR HEREBY MOVES THE COURT TO AVOID THE JUDICIAL LIEN HELD BY THE FOLLOWING CREDITOR(S):*

| Creditor | Collateral | Basis for Avoidance |
|---|---|---|
| | | |
| | | |
| | | |

The amount of each such allowed claim shall be paid by the trustee as an unsecured claim in accordance with plan paragraph VI above.

B.    [] If checked, *MOTION FOR AVOIDANCE OF NONPOSSESSORY, NONPURCHASE MONEY SECURITY INTEREST. PURSUANT TO §522(F)(1)(B), THE DEBTOR HEREBY MOVES THE COURT TO AVOID THE NONPOSSESSORY, NONPURCHASE MONEY SECURITY INTEREST HELD BY THE FOLLOWING CREDITOR(S):*

| **Creditor** | Collateral | Basis for Avoidance |
|---|---|---|
| | | |
| | | |
| | | |

The amount of each such allowed claim shall be paid by the trustee as an unsecured claim in accordance with plan paragraph IV above.

C.    [] If checked, *AVOIDANCE OF WHOLLY UNSECURED MORTGAGE.* Under separate motion filed herewith, the debtor is moving to value the debtor's residential real property and avoid the second mortgage of

_____ third mortgage of _____.

### X  REVESTMENT OF PROPERTY OF THE DEBTOR

A.  Property of the estate shall revest in the debtor (check one):

   X at the time of confirmation of the plan.

   [] at discharge or dismissal of the case.

B.  In the event the case is converted to a case under chapter 7 or 11 of Title 11, United States Code, property of the estate shall vest in accordance with applicable law.

### XI.  FORM OF PLAN

The undersigned attorney or debtor pro se verifies that the substantive provisions of paragraphs I through X above has not been modified from the form plan on the chapter 13 trustee's website, dated 10/17/05a

### XII. OTHER PROVISIONS

If checked, special provisions and/or modifications to the above plan provisions:

   [] Sale of Property (§363):_____

   [] Injunctive Relief (Fed.R.Bankr.P. 2002(c)(3) and 7001(7)):_____

   X Other:

   A. Debtor shall pay the secured claims of ERA Home Mortgage and Yamaha Retail Services directly to these creditors as these payments ordinarily come due.

7/27/2007
Date signed by debtor(s)

Donald V. Young, Jr., Debtor

Clarke C. Coll
Attorney for Debtor